UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BOBBIE PRICE,<br><br>        Plaintiff(s),<br><br>v.<br><br>HOA COLLECTIONS, LLC,<br><br>        Defendant(s). | Case No.: 2:20-cv-01942-APG-NJK<br><br>**ORDER**<br><br>[Docket No. 1] |

Plaintiff is proceeding in this action *pro se* and has requested authority under 28. U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. Docket No. 1-1.

**I.    *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* under § 1915(a) will be granted.

**II.    Screening Complaint**

Upon granting an application to proceed *in forma pauperis*, courts screen the complaint. 28 U.S.C. § 1915(e). Section 1915(e) permits courts to dismiss a case if the action is legally "frivolous or malicious," the complaint fails to state a claim upon which relief may be granted, or the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6)[1] provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Additionally, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, Plaintiff's allegations fail to state a claim upon which relief can be granted. Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"). *See* Docket No. 1-1 at 1. To establish a cause of action under the FDCPA, Plaintiff must allege sufficient facts to show that she is a "consumer" as defined in the FDCPA; the alleged debt arises out of a transaction entered for personal purposes; Defendant is a "debt collector" as defined in the FDCPA; and Defendant violated one of the provisions enumerated in the FDCPA. *Wheeler v. Premiere Credit of North America, LLC*, 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015) (citing *Turner v. Cook*, 362 F.3d 1219, 1226–27 (9th Cir. 2004)). While Plaintiff alleges that Defendant sent her

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

a debt-collection letter for a debt that she does not owe, *see* Docket No. 1-1 at 1, Plaintiff does not allege sufficient facts to show whether the alleged debt arises out of a transaction entered for personal purposes. Plaintiff also fails to allege what statutory provision Defendant violated. Thus, Plaintiff has failed to allege sufficient facts to state a claim under the FDCPA.

Plaintiff also alleges a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See id.* at 1–2. "The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005). In the instant case, Plaintiff alleges that Defendant, as a corporate entity, unlawfully threatened to take her primary home for profit. *See* Docket No. 1-1 at 1–2. However, Plaintiff alleges no facts to show a pattern of racketeering activity. As a result, Plaintiff has failed to allege sufficient facts to state a claim under RICO.

### III.   Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is hereby **GRANTED**. Plaintiff shall not be required to pay the filing fee.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Complaint is **DISMISSED** with leave to amend. Plaintiff will have until **November 30, 2020**, to file an Amended Complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original

Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: October 30, 2020

_____
Nancy J. Koppe
United States Magistrate Judge