UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BOBBIE PRICE,

  Plaintiff,

v.

HOA COLLECTIONS, LLC, et al.,

  Defendants.

Case No.: 2:20-cv-01942-APG-NJK

**REPORT AND RECOMMENDATION**

On October 20, 2020, Plaintiff filed an application to proceed *in forma pauperis* in this action, which the Court granted. Docket Nos. 1, 6. Pending before the Court is Plaintiff's first amended complaint, which the Court now screens. Docket No. 11.

**I. BACKGROUND**

On October 30, 2020, the Court screened Plaintiff's complaint, Docket No. 1-1, and issued an order dismissing it with leave to amend. Docket No. 6. The Court found that Plaintiff failed to allege sufficient facts to state a claim upon which relief can be granted. *Id.* at 2–3. Specifically, the Court found that Plaintiff failed to allege sufficient facts to establish claims against Defendant HOA Collections, LLC under the Fair Debt Collection Practices Act ("FDCPA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *Id.* The Court permitted Plaintiff to cure the noted deficiencies and file an amended complaint, no later than November 30, 2020. *Id.* at 3. The Court cautioned Plaintiff that her amended complaint must sufficiently allege each claim and the involvement of each defendant without reference to her original complaint. *Id.*

On November 27, 2020, Plaintiff filed a motion requesting an extension of the deadline to file an amended complaint. Docket No. 8. Defendant HOA Collections, LLC filed a response in opposition. Docket No. 9. The Court granted Plaintiff's motion and extended the deadline for Plaintiff to file an amended complaint to January 8, 2021. Docket No. 10. On January 8, 2021, Plaintiff filed the instant amended complaint. Docket No. 11.

1

## II. LEGAL STANDARD

Upon granting an application to proceed *in forma pauperis*, courts screen the complaint. 28 U.S.C. § 1915(e). The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

## III. ANALYSIS

In her amended complaint, Plaintiff adds six individual defendants: Loren Youngman, Margaret Youngman, Bradley Bailey, Lawrence J. Warfield, Terry A. Dake, and Wayne Floyd Grimes ("Defendants"). Docket No. 6 at 1. Plaintiff alleges that Defendants are guilty of tortious interference. *Id.* at 4–11. Specifically, Plaintiff alleges that Defendants conspired to encumber her property with a deed of trust to prevent her from asserting title over her property. *Id.* Plaintiff seeks relief against Defendants in the form of monetary damages and a declaratory judgment quieting title to the property in her favor. *Id.* With respect to Defendant HOA Collections, LLC, Plaintiff asks this Court to enter an order enjoining Defendant HOA Collections, LLC from selling her property until she has had an opportunity to litigate her claims against Defendants. *Id.* at 3. Plaintiff alleges that she may resolve the claims against Defendant HOA Collections, LLC without judicial intervention, but cannot do so until she has litigated her claims against Defendants. *Id.*

Plaintiff's amended complaint fails to allege any claims against Defendant HOA Collections, LLC. Further, Plaintiff's claim of tortious interference against Defendants does not implicate a federal question. Therefore, Plaintiff must assert federal subject matter jurisdiction pursuant to diversity of citizenship under 28 U.S.C. § 1332. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). To establish federal subject matter jurisdiction pursuant to diversity of

citizenship, Plaintiff must show, *inter alia*, complete diversity of citizenship among opposing parties. *Park Lane-Reno Partners, LLC v. Syufy Enter.*, 2020 WL 6445092, at *2 (D. Nev. Nov. 3, 2020). Complete diversity requires that no plaintiffs have the same citizenship as any defendant. *Id.* A natural person's citizenship for purposes of diversity jurisdiction is determined by her state of domicile, where she resides with the intent to remain or return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Here, Plaintiff's allegations in her amended complaint show that at least one defendant is domiciled in Las Vegas, Nevada. Specifically, Plaintiff alleges that she has gone to Defendant Wayne Floyd Grimes' home, which is located on Suncrest Drive in Las Vegas, Nevada. Docket No. 11 at 6. Plaintiff's domicile is also in Las Vegas, Nevada. *Id.* at 1; *see also* Docket. Plaintiff therefore fails to demonstrate that diversity jurisdiction exists in this case. Further, Plaintiff's amended complaint fails to allege any federal claims. Thus, Plaintiff fails to establish this Court's subject matter jurisdiction and it is clear that amendment cannot cure that deficiency.

## IV. CONCLUSION

Accordingly, **IT IS RECOMMENDED** that this case be **DISMISSED** without prejudice to Plaintiff seeking relief in state court.

IT IS SO ORDERED.

Dated: January 12, 2021

Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).